# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO RUA ORTIZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MADRUGA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01823-LJO-EPG<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE APPLICABLE STATUTE OF LIMITATIONS AND BARRED BY HECK V. HUMPHREY, 512 U.S. 477 (1994)<br><br>(Doc. 1) |

## I.　PROCEDURAL BACKGROUND

Plaintiff, Faustino Rua Ortiz ("Plaintiff") appearing *pro se* and *in forma pauperis*, filed a complaint on December 5, 2016, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against numerous defendants. (Doc. 1). On the same day, Plaintiff also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Ortiz v. Superior Court County of Fresno*, No. 1:16-cv-01824-MJS (E.D.Cal. Dec. 5, 2016) (hereinafter, the "habeas case"). Plaintiff's complaint alleges that two detectives, the public defender, and probation officer violated his constitutional rights regarding an underlying criminal conviction.

The civil rights complaint is presently before the Court for screening under 28 U.S.C. § 1915(e)(2). For the reasons described below, it appears that the claims are barred by the statute of limitations and Heck bar. Before recommending dismissal to the District Judge, this Court is providing Plaintiff with an order to show cause why his case should not be dismissed on these bases.

## II. STATUTE OF LIMITATIONS

Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Lukovsky*, 535 F.3d at 1048; *Jones v. Blanas*, 393 F.3d 918, 927 (2004); *Fink*, 192 F.3d at 914. California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Code Civ. Proc. § 335; *Jones*, 393 F.3d at 927. In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. *See Hardin v. Straub*, 490 U.S. 536, 539, 109 S. Ct. 1998, 2000 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while the plaintiff was incarcerated. The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. *Donoghue v. County of Orange*, 848 F.2d 926, 930-31 (9th Cir. 1988); *Addison v. State of California*, 21 Cal.3d 313, 318 (1978). Additionally whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. *Jones*, 393 F.3d at 927. Under California law equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting *Addison*, 21 Cal.3d at 319). Equitable tolling applies "to suspend or extend a statute of limitations

as necessary to ensure fundamental practicality and fairness." *Jones,* 393 F.3d at 927 (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." *Jones*, 393 F.3d at 927 (quoting *Lantzy*, 31 Cal.4th at 371)).

On March 20, 2017, the habeas case was dismissed because Plaintiff did not file the petition within the one year limitation period required by 28 U.S.C. § 2244(d). *See Ortiz v. Superior Court County of Fresno*, No. 1:16-cv-01824-MJS (E.D.Cal. Mar. 20, 2017). The habeas case described Plaintiff's prior litigation background as follows:

> Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, resulting from a January 31, 2005 jury verdict finding Petitioner guilty of multiple sexual felonies involving his minor daughter. … He was sentenced to an aggregate determinate state prison term of twenty-four years and eight months. …
>
> On August 31, 2006, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. … Review was denied by the California Supreme Court on November 15, 2006. …
>
> Petitioner did not file any state post-conviction collateral challenges.

*Id*.

The civil rights complaint presently before the Court for screening complains about the pre-arrest conduct of law enforcement officers, a public defender and a probation officer. Thus, the events described in Plaintiff's civil rights complaint would have occurred over eleven years ago.

Accordingly, Plaintiff is ordered to show cause why this case should not be dismissed for failure to comply with the applicable statute of limitations.

### III.    HECK V. HUMPHREY

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in *Heck*

preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would ***necessarily*** render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. "In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates,* 312 F.3d 1148, 1153-54 (9th Cir.2002) (quoting *Heck*, 512 U.S. at 487).

**A. Plaintiff's Civil Rights Complaint**

Here, Plaintiff's § 1983 complaint brings three claims challenging conduct related to his underlying conviction of various charges relating to the sexual abuse of his daughter. These claims appear to challenge his criminal conviction, which is not a challenge that this Court can hear through a section 1983 complaint, as described above.

*1. Claim(s) Brought Against Detectives*

In Claim 1, Plaintiff alleges that his constitutional rights were violated during his arrest when Defendant Madruga, a Fresno Detective, failed to show him an arrest warrant and read him his Miranda rights. Plaintiff further alleges that his rights were violated and his back was hurt during his arrest when officers forced and threw him down and into their car while handcuffed. Finally, Plaintiff alleges in Claim 1 that his rights were violated when he was interrogated by Defendant Martinez, a Fresno Detective, during a criminal investigation. He further states that the detective lied to him, did not give him an interpreter, forced him to confess, and handcuffed

4

him if he did not say anything.

### 2. Claim(s) Brought Against Public Defender

Plaintiff alleges in Claim 2 that his public defender, Roberto R. Duke, violated his right to effective assistance of counsel during his criminal trial because Duke "didn't give his best to defend my case." He states that Duke put him "into a guilty situation" by not telling him what charges he was facing, what issues should have been raised, failing to make appropriate objections, and failing to request DNA evidence.

### 3. Claim(s) Brought Against Probation Officer

In Claim 3, Plaintiff alleges that his probation officer, Defendant Susan Soliz, violated the Equal Protection Clause of the Fourteenth Amendment when she failed to independently investigate facts related to Plaintiff's charges concerning sexual abuse of his daughter.

## B. Application of Heck v. Humphrey to Complaint

It appears that if the Court were to give Plaintiff a favorable ruling on any of the claims brought in Plaintiff's civil rights complaint, it would necessarily imply the invalidity of his underlying convictions. In other words, it appears that Plaintiff wishes to invalidate his criminal conviction through these claims. As described above, the Court cannot do so on a section 1983 complaint.

Thus, Plaintiff is ordered to show cause why this case should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## IV. CONCLUSION

Based on the foregoing, Plaintiff is hereby ORDER TO SHOW CAUSE:

1. Why this case should not be dismissed for failure to comply with the applicable statute of limitations; and
2. Why this case should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

\\\
\\\
\\\

5

Plaintiff must file a response to this order within 30 days. Failure to respond will result in dismissal of this case.

IT IS SO ORDERED.

Dated: **April 24, 2017**    /s/ Elvin P. Gross
UNITED STATES MAGISTRATE JUDGE