# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO RUA ORTIZ,<br><br>        Plaintiff,<br><br>v.<br><br>MADRUGA, *et al.*,<br><br>        Defendants. | Case No. 1:16-cv-01823-LJO-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED AS BARRED BY HECK V. HUMPHREY, 512 U.S. 477 (1994) AND FOR FAILURE TO COMPLY WITH THE APPLICABLE STATUTE OF LIMITATIONS<br><br>(Doc. 1) |

## I. PROCEDURAL BACKGROUND

Plaintiff, Faustino Rua Ortiz ("Plaintiff") appearing *pro se* and *in forma pauperis*, filed a complaint on December 5, 2016, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against numerous defendants. (Doc. 1). On the same day, Plaintiff also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Ortiz v. Superior Court County of Fresno*, No. 1:16-cv-01824-MJS (E.D.Cal. Dec. 5, 2016) (hereinafter, the "habeas case"). The civil rights complaint is presently before the Court for screening under 28 U.S.C. § 1915(e)(2).

On April 24, 2017, this Court issued an order to show cause why this case should not be dismissed: 1) for failure to comply with the applicable statute of limitations, and 2) as barred by the Supreme Court of the United States' decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 4.) Plaintiff filed a response to the order to show cause on May 30, 2017. (ECF No. 5.) Because it is apparent that Plaintiff did not comply with the applicable statute of limitations and his claims are barred by *Heck v. Humphrey*, the undersigned judge recommends dismissal.

1

## II. HECK V. HUMPHREY

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would ***necessarily*** render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. "In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir.2002) (quoting *Heck*, 512 U.S. at 487).

### A. Plaintiff's Civil Rights Complaint

Here, Plaintiff's § 1983 complaint brings three claims challenging conduct related to his underlying conviction of various charges relating to the sexual abuse of his daughter.

#### 1. *Claim(s) Brought Against Detectives*

In Claim 1, Plaintiff alleges that his constitutional rights were violated during his arrest when Defendant Madruga, a Fresno Detective, failed to show him an arrest warrant and read him his Miranda rights. Plaintiff further alleges that his rights were violated and his back was hurt during his arrest when officers forced and threw him down and into their car while handcuffed.

2

Finally, Plaintiff alleges in Claim 1 that his rights were violated when he was interrogated by Defendant Martinez, a Fresno Detective, during a criminal investigation. He further states that the detective lied to him, did give him an interpreter, forced him to confess, and handcuffed him if he didn't say anything.

### 2. *Claim(s) Brought Against Public Defender*

Plaintiff alleges in Claim 2 that his public defender, Roberto R. Duke, violated his right to effective assistance of counsel during his criminal trial because Duke "didn't give his best to defend my case." He states that Duke put him "into a guilty situation" by not telling him what charges he was facing, what issues should have been raised, failing to make appropriate objections, and failing to request DNA evidence.

### 3. *Claim(s) Brought Against Probation Officer*

In Claim 3, Plaintiff alleges that his probation officer, Defendant Susan Soliz, violated the Equal Protection Clause of the Fourteenth Amendment when she failed to independently investigate facts related to Plaintiff's charges concerning sexual abuse of his daughter.

## B. Application of Heck v. Humphrey to Complaint

If the Court were to give Plaintiff a favorable ruling on any of the claims brought in Plaintiff's civil rights complaint, it would necessarily imply the invalidity of his underlying convictions. Plaintiff was convicted of multiple sexual felonies involving his minor daughter. *See Ortiz v. Superior Court County of Fresno*, No. 1:16-cv-01824-MJS (E.D.Cal. Mar. 20, 2017). In his complaint, he alleges that he was coerced into a confession, received inadequate assistance of counsel during the criminal proceedings, and that investigators failed to properly investigate facts related to the charges. Thus, a favorable ruling would demonstrate the invalidity of the criminal judgment against him, and Plaintiff was ordered to show cause why this case should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 4.)

Plaintiff responded to the order to show cause by stating that he "is not asking the court to invalidate the standards set forth in *Heck v. Humphrey*. Rather, that petitioner be allowed to go back to the state and correctly address these claims …" (ECF No. 5, p. 3.) However, as discussed above, the correct avenue to address these claims would have been a timely filed habeas corpus

petition (after all state court remedies had been exhausted) because Plaintiff's claims in this case would necessarily imply the invalidity of his underlying convictions.

Accordingly, it is recommended that Plaintiff's civil rights complaint be dismissed as barred by *Heck v. Humphrey.*

## III. STATUTE OF LIMITATIONS

Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Lukovsky*, 535 F.3d at 1048; *Jones v. Blanas*, 393 F.3d 918, 927 (2004); *Fink*, 192 F.3d at 914. California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Code Civ. Proc. § 335; *Jones*, 393 F.3d at 927. In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. *See Hardin v. Straub*, 490 U.S. 536, 539, 109 S. Ct. 1998, 2000 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while the plaintiff was incarcerated. The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. *Donoghue v. County of Orange*, 848 F.2d 926, 930-31 (9th Cir. 1988); *Addison v. State of California*, 21 Cal.3d 313, 318 (1978). Additionally whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. *Jones*, 393 F.3d at 927.

4

Under California law equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting *Addison*, 21 Cal.3d at 319). Equitable tolling applies "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones,* 393 F.3d at 927 (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." *Id.* (quoting *Lantzy*, 31 Cal.4th at 371)).

On March 20, 2017, the habeas case was dismissed because Plaintiff did not file the petition within the one year limitation period required by 28 U.S.C. § 2244(d). *See Ortiz v. Superior Court County of Fresno*, No. 1:16-cv-01824-MJS (E.D.Cal. Mar. 20, 2017). The habeas case described Plaintiff's prior litigation background as follows:

> Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, resulting from a January 31, 2005 jury verdict finding Petitioner guilty of multiple sexual felonies involving his minor daughter. … He was sentenced to an aggregate determinate state prison term of twenty-four years and eight months. …
>
> On August 31, 2006, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. … Review was denied by the California Supreme Court on November 15, 2006. …
>
> Petitioner did not file any state post-conviction collateral challenges.

*Id.*

The civil rights complaint presently before the Court for screening complains about the pre-arrest conduct of law enforcement officers, a public defender and a probation officer. Thus, the events described in Plaintiff's civil rights complaint would have occurred over twelve (12) years ago. Thus, even liberally construing and applying the applicable tolling provisions for the statute of limitations in Plaintiff's favor, the civil rights complaint appears to be untimely.

In response to the order to show cause, Plaintiff argues that extraordinary circumstances prevented him from seeking his rights since he arrived in prison in 2006. (ECF No. 5, p. 2.)

5

Specifically, he states that he had medical issues, including blindness, gastrointestinal, depression, and heart disease. (*Id.*) Additionally, he is unable to read or write English and requires the assistance of legal assistance. (*Id.*)

While the Court is not without sympathy to Plaintiff's circumstances, he has not demonstrated that there is a genuine issue of material fact that his conditions would constitute extraordinary circumstances justifying equitable tolling in this case. Extraordinary circumstances justifying equitable tolling have been held to include circumstances where a plaintiff is completely disabled due to mental incompetence. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999) (permitting equitable tolling were plaintiff "presented overwhelming evidence that she was completely psychiatrically disabled during the relevant limitation period.") (citing *Brockamp v. United States*, 67 F.3d 260 (9th Cir. 1995) ("Principles of equity mandate that when mental incompetence precludes a person from asserting his rights during the proper time period, he should not be precluded from later seeking redress for his injuries."), *rev'd on other grounds*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997)).

Here, Plaintiff does not indicate that he was completely disabled due to mental incompetence. While he does indicate that he was dealing with a number of issues that would have affected his ability to file suit, these issues were not insurmountable and do not rise to the level of extraordinary circumstances justifying equitable tolling.

Furthermore, the balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute weigh heavily in favor of dismissal. Most, if not all, of the events giving rise to the cause of actions would have occurred pre-arrest (i.e. 2005). Plaintiff did not file suit until December 5, 2016. Thus, Plaintiff is requesting equitable tolling of an extraordinary length in this case. Permitting such tolling under virtually any circumstance would be highly problematic and prejudicial to the defendants. *See Jones*, 393 F.3d at 928 ("Fairness to the defendant requires that a case be brought when memories have not been affected by time, when all pertinent witnesses can still be called, and when physical evidence has not been destroyed or dispersed. In addition to these evidentiary concerns, the public has an interest in avoiding the cultivation of stale

grievances and grudges. Statutes of limitations are not legalistic gimmicks but embody the experience of Anglo–American law that it is sound public policy to set a specific time within which a given legal action may be brought.")

Accordingly, it is recommended that this case be dismissed for failure to comply with the applicable statute of limitations.

**IV.   CONCLUSION AND RECOMMENDATION**

Based on the foregoing, Plaintiff is hereby RECOMMENDED that:

1. This case be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and

2. This case be dismissed for failure to comply with the applicable statute of limitations.

These findings and recommendations are submitted to the United District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the Court.  Any such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F. 3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F. 2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 30, 2017**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE